IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY FAGAN and GET STRATEGY, LLC, : | | CIVIL ACTION |
| Plaintiffs, : | | |
| : | | No. 13-5902 |
| v. : | | |
| : | | |
| CHARINA ANN R. PELAYO, : | | |
| JOHN DOES (1–10), JANE DOES (1–10), : | | |
| and ENTITIES (1–10), : | | |
| Defendants. : | | |

**MCHUGH, J.**                                                                                                       **JULY 14, 2015**

**MEMORANDUM**

Plaintiffs have moved for a default judgment against Charina Ann E. Pelayo. Before granting this motion, I will consider whether this Court has personal jurisdiction over Defendants in this case.

Usually, "because personal jurisdiction may be conferred by consent of the parties ... a court may not *sua sponte* dismiss for want of personal jurisdiction." *Jasper v. Bexar Cnty. Adult Det. Ctr.*, 332 F. App'x 718, 719 (3d Cir. 2009) (citing *Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969)); *Azubuko v. E. Bank*, 160 F. App'x 143, 146 (3d Cir. 2005) ("Most federal appellate courts concur that a *sua sponte* dismissal for lack of personal jurisdiction is error.")

However, a Court may *sua sponte* consider whether it has personal jurisdiction over claims before entering default judgement on those claims. *Allaham v. Naddaf*, 2015 WL 3421464, at *3 (E.D. Pa. May 28, 2015) ("in contrast to the general rule that personal jurisdiction is waivable, a court considering a motion for a default judgment must *sua sponte* ensure that an exercise of personal jurisdiction over each defaulting defendant is proper."); *AnnexTelexom Co., Ltd. v. Brown*, 2014 WL 5149101, at *1 (E.D. Pa. Oct. 14, 2014) ("The Court may only grant a

1

motion for default judgment if it has … personal jurisdiction over the parties."); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

The Federal Rules of Civil Procedure direct courts to look to the laws of the forum state when determining personal jurisdiction. "Under Fed. R. Civ. P. 4(e), a district court may assert personal jurisdiction 'over non-resident defendants to the extent permissible under the law of the state where the district court sits.' " *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (citing *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998)). "Pennsylvania's long-arm statute provides that its reach is coextensive with the limits placed on the states by the federal Constitution. 42 Pa. Cons. Stat. Ann. § 5322(b) (1981). [Courts] therefore look to federal constitutional doctrine to determine" whether they may maintain personal jurisdiction over claims. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

Constitutional personal jurisdiction may be based on general jurisdiction—a party's "continuous and systematic" contacts with a forum—or specific jurisdiction. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Specific jurisdiction "is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." *Id.*

Here, there is no question that Defendants do not have continuous and systematic contacts with Pennsylvania sufficient to establish general jurisdiction. The only Defendant that has been identified resides in the Phillipines, and Plaintiffs do not allege more than very occasional contacts with Pennsylvania. Therefore, I will focus my analysis on whether I have specific jurisdiction over Plaintiffs' claims.

The Supreme Court ruled in *Calder v. Jones* that courts may exercise specific jurisdiction "over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 261 (3d Cir. 1998); *Calder v. Jones*, 465 U.S. 783 (1984).  This test is known as the *Calder* effects test.

The Third Circuit interpreted the Calder test to require a plaintiff to show:

(1) The defendant committed an intentional tort;
(2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
(3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity;

As the above discussion suggests, in order to make out the third prong of this test, the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir. 1998).

Plaintiffs offer several allegations to show Defendants have minimum contacts with Pennsylvania:

1. Defendant Pelayo submitted a fraudulent donation in Plaintiff Fagan's name to an organization based in Pennsylvania called Women Against Abuse;

2. Defendant Pelayo also fraudulently subscribed in Plaintiff Fagan's name to a publication based in Pennsylvania, the Erie Gay News;

3. Plaintiff Fagan "has both business and personal contacts" in Pennsylvania.

Plaintiffs Perry Fagan and Get Strategy, LLCs' Motion for Default Judgement Against Defendant Charina Anne E. Pelayo at 5–6.

Here, all of Plaintiffs' claims can be considered intentional torts:  Count I, a civil action under the Computer Fraud and Abuse Act (18 U.S.C. § 1030); Count II, Trademark infringement

under the Lanham Act[1]; Count III, Libel and Defamation[2]; Count IV, Invasion of Privacy, Count VI, Conversion, and Count VII, Intentional interference with Contractual Relations.

I find the second two parts of the test are not met for any of these claims. First, the Plaintiff has not "felt the brunt of the harm" under any of the claims in Pennsylvania. In *Remick*, the Third Circuit found a Pennsylvania attorney experienced the brunt of the harm from the defendant's allegedly defamatory letters in Pennsylvania because the letters were sent to Pennsylvania and "Remick's professional activities are centered in Pennsylvania and the allegedly defamatory letters question Remick's professional ability." *Remick*, 238 F.3d at 258. Contacts present in *Remick* are missing in the facts before me. Plaintiff Fagan is a resident of Florida, and his company, Plaintiff Get Strategy, LLC, is organized under the laws of Nevada. Complaint ¶¶ 4–5. Plaintiffs reference Fagan's "business and personal contacts" in this forum, but the mere existence of some contacts in the forum does not mean Fagan's professional activities are "centered" in this forum. The harm to Plaintiffs' business, reputation, privacy, and property interests, under the facts alleged, seems to be centered more in Nevada or Florida than in Pennsylvania.

Second, it is difficult to say that the "defendant expressly aimed his tortious conduct" at Pennsylvania, and Pennsylvania is certainly not "the focal point of the tortious activity" for any of Plaintiffs' claims. In *Remick*, the Third Circuit explained that although allegedly defamatory letters were sent to the plaintiff in Pennsylvania, they were targeted only at the plaintiff and not targeted more broadly at the forum. *Remick*, 238 F.3d at 259 ("There is no indication that the letter was targeted at … anyone in Pennsylvania other than" the plaintiff). The court also rejected the argument that the defamatory material in the letters was disseminated within the

---

[1] *Calder* effects test applied to trademark infringement action in *Metallic Ceramic Coatings, Inc. v. Precision Prods., Inc.*, 2001 US Dist. LEXIS 1224.
[2] *Calder* effects test applied to defamation action in *Remick*, 238 F.3d at 258.

4

plaintiff's industry, a community that would have had members in the forum state.  The court explained that Pennsylvania did not have "a unique relationship with the boxing industry …. [S]uch persons were apparently located throughout the country …. [I]t cannot be said that the defendants here expressly aimed their conduct at Pennsylvania so that Pennsylvania was the focal point of the tortious activity." *Id.*

Here, the donation to a Pennsylvania organization and subscription to a Pennsylvania publication were small parts of an alleged campaign to injure Plaintiffs.  The campaign that gave rise to all of Plaintiffs' claims included stealing Fagan's physical property, sending defamatory messages to many individuals, posting defamatory messages on public websites, mailing physical packages to members of Fagan's family, and other conduct.  The subscription to a Pennsylvania publication was only one of seventeen similar subscriptions made in Fagan's name, and the donation made in Fagan's name to a Pennsylvania charity was one of several donations made to several different charities.  Defendants' conduct, as alleged, was plainly aimed at injuring Plaintiffs in Florida and Nevada.  The fact that two of the entities that inadvertently provided Plaintiffs with ammunition happen to be in Pennsylvania is not enough to make Pennsylvania a focal point for Plaintiffs' claims.  Complaint ¶ 51.  "[S]ome minimal correspondence alone will not satisfy minimum contacts." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985) (the "quality and nature" of an interstate transaction may sometimes be so random, fortuitous, or attenuated that it cannot fairly be said that the potential defendant "should reasonably anticipate being haled into court in another jurisdiction.").  Furthermore, the fact Plaintiff Fagan has contacts in the forum is also not enough to establish jurisdiction as Fagan has not alleged a unique relationship with the forum.

Plaintiff's Complaint also asserts personal jurisdiction for the federal claims under Fed. R. Civ. P. 4(k), which allows courts to maintain jurisdiction over federal law claims when there is no state whose courts would have jurisdiction.  Plaintiff has not shown that this rule should apply because it seems that Florida—where Plaintiff resides, where Plaintiff experienced the brunt of the harm from Defendants' alleged actions, and where allegedly Defendants ultimately intended to reach and injure Plaintiffs—would have a strong claim to jurisdiction.

For these reasons, I find that I lack personal jurisdiction over all of Plaintiffs' claims, and I therefore cannot grant the default judgment that Plaintiffs seek.

Plaintiffs ask in their Motion for Default Judgment that if the Court decides it lacks personal jurisdiction over their claims, then the Court should transfer the case to an appropriate venue.  I agree that transfer may be appropriate, but there is insufficient evidence in the record before me to be certain of the appropriate venue.  Accordingly, I will grant Plaintiffs leave to seek transfer to another forum, such as Florida, before dismissing this action.  Plaintiffs shall have thirty days within which to move for transfer, at which time this action will be dismissed.

      /s/ Gerald Austin McHugh
United States District Court Judge